UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
VILMA INTERIANO,

                Plaintiff,

  -against-

CROTHALL FACILITIES MANAGEMENT, INC.
and CROTHALL HEALTHCARE, INC.

                Defendant.

Case No.:

Index No.: 24171/2020E

**CROTHALL FACILITIES MANAGEMENT, INC. AND CROTHALL HEALTHCARE, INC.'S NOTICE OF REMOVAL**

---------------------------------------- x

    Pursuant to 28 U.S.C. § 1446, Crothall Facilities Management, Inc. and Crothall Healthcare, Inc. ("Defendants") files this Notice of Removal to remove this civil action from the Supreme Court of the State of New York, County of Bronx, where it was filed under Index No. 24171/2020E, to the United States District Court for the Southern District of New York, Manhattan Division, and shows unto this Honorable Court as follows:

    1. On or about May 27, 2020, Vilma Interiano ("Plaintiff") filed a Verified Complaint in the Supreme Court of the State of New York, County of Bronx in the civil action styled *Vilma Interiano vs. Crothall Facilities Management, Inc. et al*, Index No. 24171/2020E. A true and correct copy of all process and pleadings served upon Defendants is attached hereto as Exhibit A and is incorporated herein by reference. Plaintiff's Complaint alleges that she suffered injury due to a dangerous condition at 234 East 149th Street, Bronx, New York. (*See* Complaint, at ¶¶16, 20, 38, 42).

    2. Defendants received service of Plaintiff's Complaint through the New York Secretary of State on July 15, 2020. Defendants Answer to the Complaint was filed on September 10, 2020. A

true and correct copy of the Answer served by Defendants is attached hereto as Exhibit B and is incorporated herein by reference

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1367, in that there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. This Notice of Removal is filed pursuant to the authority of 28 U.S.C. § 1446(b)(3) and is being filed within thirty (30) days of September 30, 2020, the day on which Plaintiff's Response to Defendant's Demand for Total Damages ("Response"), a true and correct copy of which is attached hereto as Exhibit C, was received by Defendants.[1] In the Response, Plaintiff represented and confirmed for the first time that the damages in controversy in this action are in excess of $75,000.00.

## DIVERSITY OF CITIZENSHIP

5. Complete diversity of citizenship exists between the parties. Plaintiff is a resident of the County of Bronx, State of New York. *See* Complaint at ¶1. Plaintiff's citizenship for purposes of diversity jurisdiction is New York.

6. Defendant Crothall Facilities Management, Inc. is a Pennsylvania Corporation with a principal place of business in Pennsylvania. As a result, Crothall Facilities Management, Inc.'s citizenship for purposes of diversity jurisdiction is Pennsylvania. *See* Answer at ¶2.

7. Defendant Crothall Healthcare, Inc. is a Delaware corporation with a principal place of business in Pennsylvania. As a result, Crothall Healthcare, Inc. is considered a citizen for purposes of diversity jurisdiction, of Pennsylvania and Delaware. *See* Answer at ¶24.

8. The parties are thus, diverse.

---

[1] The Response bears a post-mark of September 28, 2020.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. Plaintiff's underlying actions claims for damages exceeding $75,000.00, the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff's Complaint does not plead an amount in controversy. *See* Exhibit A, generally. In her Response Plaintiff identified $10 million dollars in total damages. *See* Exhibit C. Given the damages alleged, this action fulfills the amount in controversy requirement based on prior trial verdicts in courts located within the Southern District of New York.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

10. As required by 28 U.S.C. § 1446(a), attached are copies of all pleadings and orders in possession of Defendant in the removed action. A true and correct copy of the Complaint as served on Defendant is attached as Exhibit A. A true and correct copy of the Answer as served on Plaintiff is attached as Exhibit B.

11. Exhibits A and B constitute all the papers and pleadings received by Defendant to date. 28 U.S.C. § 1446(a).

12. This Notice of Removal is filed pursuant to 28 U.S.C. § 1441 and within the time prescribed by 28 U.S.C. § 1446 insofar as subsection (b)(3) is applicable. Pursuant to this subsection, the Notice of Removal is timely because it is being filed within thirty (30) days of receipt by Defendants of "other paper" from which it is ascertainable that the case is one that has become removable. Because the Complaint did not plead an amount in controversy the removability of this matter was not discernable on the face of the pleadings. Here, instead, removability is based on the Response, which qualifies as "other paper" for the purpose of ascertaining whether a matter is removable under 28 U.S.C. § 1446. The Response is sufficient "other paper" under subsection (b)(3) to set the amount in controversy over the statutory minimum because, under 28 U.S.C. §

1446(3)(A), it is a discovery response which, for the first time in this action, states the amount in controversy.

13. Furthermore, this notice of removal is timely in that the requirements for diversity are met and it is brought within the time period required for removal under 28 U.S.C. § 1441 and Fed. R. Civ. P. 6(a)(1)(C). In addition, the notice of removal is timely in that it was filed within one year of the filing of Plaintiff's Complaint as required by 28 U.S.C. §1441(b).

### THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

14. A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of Bronx, as provided by law, and written notice is being sent to Plaintiff's counsel.

15. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Southern District of New York, and this cause is removable to the United States District Court for the Southern District of New York, Manhattan Division, per Local Rule 18 because the Plaintiff claims that her accident took place in the County of Bronx, *see* Complaint, at ¶¶16, 38. The County of Bronx is not a "Northern County[2]" as defined by Local Rule 18(a) nor do any of the parties reside in said "Northern Counties" as require by Local Rule 18(a).

17. If any question arises as to the propriety of the removal of this action, Defendant s respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable.

---

[2] Northern Counties are: Dutchess, Orange, Putnam, Rockland, Sullivan, and Westchester. See Local Rule 18(a)(i).

WHEREFORE, Defendants, desiring to remove this case to the United States District Court for the Southern District of New York, Manhattan Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Dated:  Uniondale, New York
        October 23, 2020

Yours, etc.

WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP

By: _____
William E. Vita, Esq.
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
(516) 622-9212 fax
wvita@westermanllp.com

*Attorneys for Defendants*
*Crothall Facilities Management and*
*Crothall Healthcare, Inc.*