# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
VILMA INTERIANO

                Plaintiff,

-against-

CROTHALL FACILITIES MANAGEMENT, INC.
and CROTHALL HEALTHCARE, INC.,

                Defendants.

Index No.: 24171/2020E

**DEFENDANT CROTHALL FACILITIES MANAGEMENT, INC. AND CROTHALL HEALTHCARE, INC.'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

----------------------------------------X

Defendants, Crothall Facilities Management, Inc. and Crothall Healthcare Inc. (collectively "Defendants"), by and through undersigned counsel, submits the following:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST CROTHALL FACILITIES MANAGEMENT, INC.

1. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 1 of Complaint and, therefore, denies those allegations.

2. Crothall Facilities Management, Inc., is incorporated in Pennsylvania and has its principle place of business at 1500 Liberty Ridge Drive, Suite 210, Wayne, PA 19087.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 16 of Complaint and, therefore, deny those allegations.

17. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 17 of Complaint and, therefore, deny those allegations.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 18 of Complaint and, therefore, deny those allegations.

19. Defendants deny the allegations stated in Paragraph 19.

20. Defendants deny the allegations stated in Paragraph 20.

21. Defendants deny the allegations stated in Paragraph 21.

22. Defendants are without knowledge or information to admit or deny the allegations of Paragraph 22 of Complaint and, therefore, deny those allegations.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST CROTHALL HEALTHCARE, INC.

23. Defendants restate and incorporate by reference its answers in paragraph 1 through 22 above as if the same were fully set forth herein.

24. Defendant Crothall Healthcare, Inc., is a Delaware corporation with a principal place of business located at 1500 Liberty Ridge Drive, Suite 210, Wayne, Pennsylvania.

25. Defendants deny the allegations stated in Paragraph 25.

26. Defendants deny the allegations stated in Paragraph 26.

27. Defendants deny the allegations stated in Paragraph 27.

28. In response to the allegations set forth in Paragraph 28, Defendants state Crothall Healthcare, Inc. provided management services at this facility pursuant to a written contract with New York City Health and Hospitals Corporation, and Defendants deny any unsupported allegation extending or interpreting the terms of the contract.

29. Defendants deny the allegations stated in Paragraph 29.

30. Defendants are without knowledge or information to admit or deny the allegations of Paragraph 30 of Complaint and, therefore, deny those allegations.

31. Defendants deny the allegations stated in Paragraph 31.

32. In response to the allegations set forth in Paragraph 32, Defendants state Crothall Healthcare, Inc. provided management services at this facility pursuant to a written contract with New York City Health and Hospitals Corporation, and Defendants deny any unsupported allegation extending or interpreting the terms of the contract.

33. In response to the allegations set forth in Paragraph 33, Defendants state Crothall Healthcare, Inc. provided management services at this facility pursuant to a written contract with New York City Health and Hospitals Corporation, and Defendants deny any unsupported allegation extending or interpreting the terms of the contract.

34. Defendants deny the allegations of Paragraph 34.

35. In response to the allegations set forth in Paragraph 35, Defendants state Crothall Healthcare, Inc. provided management services at this facility pursuant to a written contract with New York City Health and Hospitals Corporation, and Defendants deny any unsupported allegation extending or interpreting the terms of the contract.

36. Defendants deny the allegations of Paragraph 36 of complaint.

37. Defendants deny the allegations of Paragraph 37 of complaint.

38. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 38 of Complaint and, therefore, deny those allegations.

39. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 39 of Complaint and, therefore, deny those allegations.

40. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 40 of Complaint and, therefore, deny those allegations.

41. Defendants deny the allegations of Paragraph 41 of complaint.

42. Defendants deny the allegations of Paragraph 42 of complaint.

43. Defendants deny the allegations of Paragraph 43 of complaint.

44. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 44 of Complaint and, therefore, deny those allegations.

WHEREFORE, Crothall Facilities Management, Inc. and Crothall Healthcare Inc. having fully answered Plaintiff's Complaint, requests that the same be dismissed, that Plaintiff take nothing thereby from Crothall Facilities Management, Inc. and Crothall Healthcare Inc., and for the Court to award Defendants their costs and reasonable attorneys' fees in defending this matter, and such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants deny the allegations of liability, causation and responsibility for alleged damages asserted by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state a claim against Defendants upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the damages that were in whole or in part caused by Plaintiff's culpable conduct, including contributory negligence and/or assumption of the risk, Plaintiff's recovery, if any, must be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by workers compensation law.

## SIXTH AFFIRMATIVE DEFENSE

If the negligence, fault, or carelessness of other persons or entities, for whose actions Defendants are neither responsible nor liable, was the sole, intervening or superseding cause of Plaintiff's damages, any recovery by Plaintiff against Defendants is barred.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff failed to mitigate damages and, any recovery by Plaintiff should not include any loss which could have been prevented by reasonable care and diligence exercised after the alleged losses referred to in Plaintiff's Verified Complaint occurred.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants state that if Plaintiff suffered any damages, which is not hereby admitted, Defendants request that the negligence of Plaintiff, if any, be compared to the alleged negligence or fault of Defendants to the extent that any such negligence or fault of Plaintiff caused or contributed to cause the injuries or damages alleged by Plaintiff, thus barring or reducing any recovery, if any, to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

In the event Plaintiff recovers a verdict or judgment against Defendants, then said verdict or judgment must be reduced pursuant to C.P.L.R. §4545(c) by those amounts.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's assumption of the risk caused or contributed to Plaintiff's alleged damages and any recovery by Plaintiff against Defendants is barred.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery against, if any, should be reduced or barred by any settlement, judgment, or payment of any kind received from any other individual or entity in connection with the subject matter of the incident described in Plaintiff's Verified Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants plead the provisions of Article 50 of the C.P.L.R.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action should be dismissed to the extent that all necessary and indispensable parties have not been joined in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

All limitations of liability made available by Article 16 of the C.P.L.R. apply to Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

That in the event of any verdict of judgment on behalf of the Plaintiff, Defendants are entitled to a set-off or credit with respect to the amounts of any payments made to the Plaintiff under GOL § 15-108 for this action and any companion actions arising out of the same set of events as pleaded here.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional defenses as may become available through investigation and discovery and to adopt and assert any defenses raised or asserted by any other Defendants, if any, to this action.

**WHEREFORE**, Defendants Crothall Facilities Management, Inc. and Crothall Healthcare Inc. demand judgment dismissing the Verified Complaint of Plaintiff, and if Plaintiff is found to have contributed to the alleged damages, that any damages be reduced in proportion to which Plaintiff may be found to have so contributed to the damages, together with costs and disbursements.

Dated: Uniondale, New York
       September 10, 2020

                         WESTERMAN BALL EDERER
                         MILLER ZUCKER & SHARFSTEIN, LLP

                         By: _____
                         William E. Vita, Esq.
                         Joseph A. Iemma, Esq.
                         1201 RXR Plaza
                         Uniondale, New York 11556
                         (516) 622-9200
                         wvita@westermanllp.com
                         jiemma@westermanllp.com
                         *Attorneys for Defendants*
                         *Crothall Facilities Management, Inc. and*
                         *Crothall Healthcare Inc.*

To: Marc C. DeSalvo, Esq.
     MARC C. DESALVO, P.C.
     358 Fifth Avenue, Suite 1406
     New York, New York 10001
     (212) 560-9790
     *Attorney for Plaintiff, Vilma Interiano*

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

That I, the undersigned, am an attorney admitted to practice in the Court of the State of New York, and say that: I am the attorney of record for the Defendants in the above-captioned matter. I have read the annexed Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: review and analysis of documents in the file.

The reason I make this verification instead of Defendants is that Defendants do not maintain their principal offices in the same county in which the undersigned maintains its offices.

I affirm that the foregoing statements are true under penalties of perjury.

By: _____
JOSEPH A. IEMMA, ESQ.

Sworn to before me this
10th day of September, 2020

_____
Notary Public

PAULA ANNETTE RENFROE
Notary Public - State of New York
No. 01RE6233952
Qualified in Nassau County
My Commission Expires Jan. 3, 2023